IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ECLIPSE RESOURCES – OHIO, LLC )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>GEORGE DUDICH, et al. )<br>)<br>  Defendants. )<br>) | Case Number: 2:14-cv-00849<br><br>Judge Edmund A. Sargus |

**STIPULATED PROTECTIVE ORDER**

This Stipulated Protective Order (the "Order") is entered into with respect to the above-captioned matter (the "Action") between and among Plaintiff Eclipse Resources-Ohio, LLC ("Plaintiff") and Defendants George and Karen Dudich ("Defendants") (Plaintiff and Defendants are collectively referred to as the "Parties")

WHEREAS, to expedite the exchange of discovery materials, to facilitate the prompt resolution of disputes over confidentiality, and to protect discovery material entitled to be kept confidential, the Parties stipulate and agree as follows:

1. This Order applies to all information, documents and things exchanged in or subject to discovery in this Action, including without limitation, subpoenas and deposition testimony, (including documents and things produced to the receiving party for inspection and documents and things provided to the receiving party, whether in the form of originals or copies) (collectively referred to as "Discovery Material").

{B1745379.1}

2. Either party may designate Discovery Material as "Confidential" if it believes in good faith that such Discovery Material constitutes or includes information: (i) that has not been made public and the designating party would not want to be made public in the ordinary course of its activities, including but not limited to technical, business, financial, third-party, personal or other information of a nature that can be protected under the Ohio or Federal Rules of Civil Procedure; or (ii) that a disclosing party is under a preexisting obligation to a third-party to treat as confidential.

3. Where reasonably practicable, Confidential material shall be designated by the producing party as such by marking every such page "Confidential" or by informing counsel for the receiving party in writing in a clear and conspicuous manner at the time of production of such material, that such material is Confidential.

4. Confidential material shall be given, shown, made available to or communicated only to the following:

    a. Plaintiff;

    b. Defendants;

    c. counsel of record who have entered an appearance on behalf of a party and employees of such counsel who are assisting in the preparation of this action;

    d. the Court, its officers and clerical staff;

    e. outside photocopying, graphic production services, or litigation support services;

    f. expert witnesses employed by a party for this Action;

    g. court reporters, stenographers, or videographers who record deposition or other testimony in the litigation; and

    h. any other person or entity to whom the parties may consent in writing.

5. Before any person or their representative identified in Paragraph 4(e), (f), (g) or (h) is given access to Discovery Materials designated "Confidential," such person or their representative shall be provided with a copy of this Order and shall acknowledge in a written statement, in the form provided as Exhibit A hereto, that he or she read the Order and agrees to be bound by the terms thereof.  Such executed forms shall be retained in the files of counsel for the party who gave access to the Discovery Materials designated as Confidential to the person who was provided such access.

6. A party seeking to file any document with the Court containing or quoting Confidential material shall request leave of court to file said materials under seal and shall refrain from filing said materials until that request is decided by the Court.

7. In the case of depositions, if counsel for a party or non-party believes that a portion or all of the testimony given at a deposition constitutes Confidential material, counsel shall so state on the record and shall request that the relevant portion of that testimony be sealed. The court reporter, who shall first have agreed to abide by the terms of this Order, shall be instructed to include on the cover page of each sealed transcript the legend:  "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith."  In addition, each page of the transcript containing information designated as Confidential material shall include the legend "Confidential."  If the deposition is videotaped, the videotape shall be subject to the same level of confidentiality as the transcript and the cover of the videotape shall include the legend "Confidential," if any portion of the transcript itself is so designated.  When testimony designated as Confidential is elicited during a deposition, persons not entitled to receive such information under the terms of this Order shall be excluded from the portion of the deposition so designated.  In addition, any party or non-party may designate the

transcript or videotape of a deposition as Confidential within seven (7) court days of the party's or non-party's receipt of the final transcript from the court reporter.  Such designation and notice shall be made in writing to the court reporter, with copies to all other counsel, identifying the portion(s) of the transcript that constitute items designated as Confidential.  Until expiration of the aforesaid seven (7) day court period following receipt of the transcript by the Parties, all deposition transcripts and videotapes shall be considered and treated as Confidential unless otherwise agreed on the record at the deposition.  Nothing in this paragraph shall apply to or affect the confidentiality designations on documents or materials entered as exhibits at depositions.

8. Any Discovery Material may be used by the receiving party only for the purpose of prosecuting and/or defending this Action.

9. Nothing herein shall be a waiver or relinquishment by any person or entity of any right to object to any discovery request, or to the admission of evidence on any ground, or to seek any further protective order, or to seek relief from the Court or any other applicable court from any provision of this Order by motion on notice on any grounds.

10. If any receiving party objects to the designation of any Discovery Material as Confidential (whether such designation is made on a permanent basis or temporary basis with respect to deposition testimony), the receiving party shall first raise the objection with the disclosing party, and seek to confer in good faith by telephone or in person to attempt to resolve any dispute respecting the terms or operation of this Order.  If such a dispute cannot be resolved after such objection is first raised, the objecting party may then move the Court to do so.  Until the Court rules on such an issue, the Discovery Material shall continue to be treated as Confidential.  Upon motion by the receiving party and an opportunity to be heard, the Court will

make a determination on the propriety of the Confidential designation and impose any safeguards it deems appropriate to protect the confidentiality of the Discovery Material.

11. A receiving party shall not be obliged to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  The failure of any party to challenge the designation of Discovery Materials as Confidential during the discovery period shall not be a waiver of that party's right to object to the designation at any future proceedings.

12. Except as otherwise set forth herein, within 30 days of the conclusion of the Action, all Confidential material, and all paper and electronic copies thereof and notes thereof, shall be returned to counsel for the producing party or certify that they have destroyed same, except that counsel may retain their work product and copies of court filings, transcripts, and exhibits, provided said retained documents will continue to be treated as provided in this Order.

13. This Order applies to all non-parties that are served with subpoenas in connection with the Action or who otherwise produce documents or are noticed for deposition in connection with the Action, and all such non-parties are entitled to the protection afforded hereby upon signing a copy of this Order and agreeing to be bound by its terms.

14. Any party may move to modify the provisions of this Order at any time or the Parties may agree by written stipulation, subject to further order of the Court if applicable, to modify the provisions of the Order.

15. Any person or party subject to this Order that may be subject to a motion or other form of legal process or any regulatory process or demand seeking the disclosure of another party's or non-party's information designated Confidential pursuant to this Order: (i) shall promptly notify that party or non-party to enable it to have an opportunity to appear and be heard

on whether that information should be disclosed, and (ii) shall not provide such materials unless required by court order, law or regulation, or with the consent of the Producing Person.

16. Nothing in this Order affects the right of the disclosing party to use or disclose such material in any way. Such disclosure will not waive the protections of this Order and will not entitle other parties, non-parties, or their attorneys to use or disclose such material in violation of this Order, except that if the disclosing party uses material it produced in a manner inconsistent with its confidential status, then that will serve as a basis to object to the designation and to contend that such designation has been waived.

17. Except as provided in this paragraph, the failure to designate particular Discovery Material as Confidential at the time of production shall not operate to waive the disclosing party's right to later designate such Discovery Material as Confidential. No Party shall be deemed to have violated this Order if, prior to notification of any later designation, such Discovery Material has been disclosed or used in a manner inconsistent with the later designation. Once such a designation has been made, however, any such Discovery Material shall be treated as Confidential in accordance with this Order; provided, however, that if the Discovery Material that was not designated is, at the time of the later designation, filed with a court on the public record, the party or person that failed to make the designation shall move for appropriate relief. If an omitted "Confidential" designation is first claimed during the course of a deposition or hearing, the subject Discovery Material may be used during that day's deposition or hearing, as though no designation had been made, but shall be treated as though such designation had been made immediately thereafter.

18. In the event any information or document is produced that the disclosing party later claims is protected by the attorney-client privilege, work product doctrine or other privilege

or immunity, the receiving party shall, within five (5) business days of receipt of a written request by the disclosing party, return the original to the disclosing party, destroy all copies thereof and delete any copy of the documents, or any portion thereof, from any word processing or data base tape or disk it maintains. Inadvertent production of privileged, work product protected or immune documents in the course of discovery in this action shall not constitute a waiver of any privilege, work product protection or immunity, either as to the produced document or as to any other documents or communications.  Return of a document for which the disclosing party has asserted a claim of privilege, work-product protection, or immunity under this paragraph shall be without prejudice to the receiving party's right to seek an order from the Court directing production of the information or document on the ground that the claimed privilege, work product protection or immunity is invalid; provided, however, that mere production of the information or document in the course of this action shall not be a ground for asserting waiver of the privilege, protection or immunity.

19.     Nothing herein shall be deemed to prevent a party or non-party from objecting to discovery or asserting that information being sought in discovery is of such a nature that discovery should not be afforded because of the confidential, personal or proprietary nature of the information being sought or to preclude a party or non-party from seeking additional or further limitations on the use or disclosure of such information.

{B1745379.1}

20. The provisions of this Order shall survive the final termination of the Action for any retained Confidential material.

s/Mark R. Abel
**MAGISTRATE JUDGE ABEL**

*/s/ Michael T. Altvater*
Michael T. Altvater #0084389
Babst, Calland, Clements & Zomnir, P.C.
One Cascade Plaza, Suite 1010
Akron, Ohio 44308
P: (234) 352-1650
E-mail: maltvater@babstcalland.com

and

*/s/ Steven B. Silverman*
Steven B. Silverman Pa. I.D. #56829
Babst, Calland, Clements & Zomnir, P.C.
Two Gateway Center, 6th Floor
Pittsburgh, PA 15222
P: (412) 394-5400
E-mail: ssilverman@babstcalland.com

*Attorneys for Plaintiff*
*Eclipse Resources-Ohio, LLC*

*/s/ Steven J. Shrock (per email consent 9/26/14)*
Steven J. Shrock #0060025
138 E. Jackson Street
Millersburg, OH 44654
P: (330) 674-3055
E-mail: shrock@ccj.com

*Attorneys for Defendants*
*George and Karen Dudich*

{B1745379.1}

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing was served upon counsel of record via the Court's electronic filing system on September 26, 2014.

{B1745379.1}

## ACKNOWLEDGEMENT OF STIPULATED PROTECTIVE ORDER

I, the undersigned, acknowledge that I have received, reviewed and agree to abide by the Stipulated Protective Order in the matter of *Eclipse Resources - Ohio, LLC v. George Dudich, et al.* filed at Case No 2:14-cv-00849 in the United States District Court for the Southern District of Ohio, Eastern Division.

_____

Date: _____